Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (OAJP-2021-086)

| BANCO POPULAR DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>SOL MARIE LÓPEZ HERNÁNDEZ Y OTROS<br><br>Peticionaria | KLCE202301260 | *Certiorari* procedente del Tribunal de Primera Instancia, Salas Superior de Fajardo<br><br>Civil Núm.: N3CI201600603<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |
|---|---|---|

Panel especial integrado por su presidente, el Juez Sánchez Ramos, el Juez Candelaria Rosa y el Juez Marrero Guerrero.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece la señora Tania Liz Rodríguez García (señora Rodríguez García o peticionaria) mediante un recurso de *certiorari* para solicitar la revocación de la *Orden* del Tribunal de Primera Instancia, Sala Superior de Fajardo, emitida el 11 de mayo de 2023. Por los fundamentos expuestos a continuación, denegamos expedir el recurso por falta de jurisdicción, al tratarse de uno tardío.

En síntesis, el caso de epígrafe trata de un cobro de dinero y ejecución de hipoteca por el Banco Popular de Puerto Rico (BPPR o recurrido). El Tribunal de Primera Instancia ordenó al BPPR entregar el expediente del préstamo y del balance de cancelación a la señora Rodríguez García. Oportunamente, el BPPR solicitó una reconsideración, alegando que la señora Rodríguez García es una tercera parte sin vínculo contractual alguno con la parte demandante,

por lo cual no se le debe disponer información confidencial. Respondiendo a la referida moción del BPPR, el foro primario lo declaró ha lugar, dejando sin efecto la orden inicial. Acto seguido, la señora Rodríguez García presentó una moción de reconsideración (Reconsideración A), alegando que ella es parte del pleito. Evaluada la moción y sus respectivas réplicas, el foro primario dictaminó sin lugar la Reconsideración A, notificada el 18 de julio de 2023. Insatisfecha, la señora Rodríguez García solicitó reconsideración de esta orden (Reconsideración B), presentando argumentos similares a aquellos en la Reconsideración A, más unos adicionales alegando la mala fe del BPPR. Nuevamente, el foro primario dictó sin lugar, notificada el 13 de octubre de 2023. Es después de esta última orden que la señora Rodríguez García recurre ante este Tribunal.

Vale señalar que la jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del*

*Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Teniendo en cuenta lo anterior, una parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia puede presentar una moción de reconsideración. Regla 47 de Procedimiento Civil de 2009 (32 LPRA Ap. V). Tal solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse. Íd. Si el foro primario acoge la moción y emite una nueva determinación que es sustancialmente distinta a la original, cualquiera de las partes del pleito puede solicitar que se reconsidere el nuevo dictamen. *Colón Burgos v. Marrero Rodríguez*, 201 DPR 330 (2018). No obstante, para que la nueva solicitud de reconsideración interrumpa el término estricto de treinta (30) días para recurrir al foro apelativo, la moción debe indicar cuáles son las alteraciones sustanciales cuya reconsideración se solicita por primera vez. Íd. Véase, también, Regla 52.2 de Procedimiento Civil de 2009, *supra*.

De conformidad con los hechos, la señora Rodríguez García recurrió tardíamente a nuestro Tribunal. A pesar de la Reconsideración A interrumpir el término para recurrir al foro apelativo vía *certiorari*, tal término comenzó nuevamente a partir del 18 de julio de 2023, cuando se les notificó a las partes la tercera orden del foro primario. Esta orden no fue sustancialmente distinta a aquella del 11 de mayo de 2023, determinándose ambas veces que el BPPR no está obligado a entregar los documentos a la señora Rodríguez García. Además, la

peticionaria presenta esencialmente los mismos argumentos en sus dos solicitudes, sin que en la Reconsideración B se argumentara por primera vez contra unas alteraciones sustanciales hechas en la tercera orden del foro primario. Por lo tanto, el término para recurrir ante nuestro Tribunal comenzó a contarse el 19 de julio de 2023 y concluyó el 17 de agosto de 2023. No obstante, el recurso de epígrafe fue presentado el 13 de noviembre de 2023, es decir, fuera del término apropiado y sin justa causa al efecto.

Por los fundamentos expuestos, denegamos expedir el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones